IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**GRATZ COLLEGE,**
                      **Plaintiff,**
   v.

**SYNERGIS EDUCATION INC.,**

                    **Defendant.**

**CIVIL ACTION
NO. 14-06966**

## MEMORANDUM

PAPPERT, J.                                                               October 1, 2015

      Plaintiff Gratz College ("Gratz") filed an amended complaint against Defendant Synergis Education, Inc. ("Synergis") on December 10th, 2014, alleging claims for breach of contract and tortious interference with contract. (ECF No. 5.) The parties' dispute concerns an Academic Program Services Agreement which provided that Synergis help Gratz expand and develop its adult learning programs, in exchange for a share in the revenues generated from those programs. Synergis filed its answer along with counterclaims for breach of contract and the covenant of good faith and fair dealing. (ECF No. 11.)

      Synergis filed a motion for judgment on the pleadings on June 4th (ECF. No. 35), to which Gratz responded. (ECF No. 37.) While Synergis's motion was pending, Synergis filed a motion to amend its counterclaim (ECF No. 45.), seeking to add a claim for fraudulent misrepresentation. The Court granted Synergis's motion. (ECF No. 47.) Gratz filed a motion for reconsideration (ECF No. 52.), which the Court granted. (ECF No. 66.) The Court now considers Synergis's motion for leave to amend, in conjunction with the arguments raised by

Gratz in its motion for reconsideration.  For the reasons set forth below, Synergis's motion for leave to amend its counterclaim is granted[1].

## I.

Generally, leave to amend "should be denied only if it appears beyond doubt that the defendants can prove no set of facts supporting their claim that entitles them to relief." *Nw. Nat. Ins. Co. of Milwaukee, Wis. v. Alberts*, 717 F. Supp. 148, 153 (S.D.N.Y. 1989).  Indeed, Rule 15(a) permits a party to amend pleadings by leave of court and commands that "leave shall be freely given when justice so requires." *Edwards v. Storage Tech. Corp.*, No. CIV.A. 97-5427, 1999 WL 33505545, at *1 (E.D. Pa. Mar. 1, 1999) (citing Fed. R. Civ. P. 15(a)).  "The decision to grant or deny leave is within the sound discretion of the district court." *Foman v. Davis*, 371 U.S. 178 (1962); *see also Heyl & Patterson, Int'l., Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.*, 663 F.2d 419, 425 (3d Cir.1981) (quoting 3 Moore's Federal Practice, ¶ 15.08(2) at 15–59 (2d ed. 1980) ("courts have shown a strong liberality" in allowing amendments), *cert. denied*, 455 U.S. 1018 (1982)).

## II.

Gratz first argues that Synergis's fraudulent misrepresentation claim is futile because it is barred by the gist-of-the-action doctrine.  The gist-of-the-action doctrine "generally bars fraud claims in cases where a [party's] alleged failure to perform its duty under the contract is transformed into a claim that this failure amounts to fraud." *CRS Auto Parts, Inc. v. Nat'l Grange Mut. Ins. Co.*, 645 F. Supp. 2d 354, 377 (E.D. Pa. 2009).  The key question is "whether the fraud concerned the performance of contractual duties. If so, then the alleged fraud is generally held to be merely collateral to a contract claim for breach of those duties." *Air*

---

[1] The Court's opinion only addresses Gratz's arguments opposing Synergis's motion for leave to amend.  Gratz alternatively filed a motion to dismiss Counts II and III of Synergis's proposed amended counterclaim, which the Court will rule on separately.

*Products & Chemicals, Inc. v. Eaton Metal Products Co.*, 256 F. Supp. 2d 329, 341 (E.D. Pa. 2003). Courts have generally held that the doctrine does not apply to fraud in the inducement claims. "This is because fraud in the inducement claims are much more likely to present cases in which a social policy against the fraud, external to the contractual obligations of the parties, exists. *Id*. (referencing *Foster v. Northwestern Mutual Life*, No.Civ.A. 02–2211, 2002 WL 31991114, **2–4, 2002 U.S.Dist. LEXIS 15078, at *7–8 (E.D.Pa. July 25, 2002)).

In its motion for leave to amend, Synergis argues that Gratz fraudulently concealed certain facts after the contract was signed, which induced Synergis to take action under the contract it otherwise would not have. (Def.'s Mot. Amend. Countercl., ECF No. 45-1, pg. 10-11.) Specifically, Synergis alleges that "Gratz's failure to provide any notification to Synergis that it was likely to be placed on probation [by its accrediting agency], followed by its failure to notify Synergis that it had indeed been placed on probation…, was a deliberate attempt to fraudulently conceal its probationary status from Synergis." (*Id*. at 11.) Synergis alleges that "as a result of Gratz's intentionally deceptive conduct, Synergis was deprived of the opportunity to evaluate the risks that Gratz's probation and the threat to one of Gratz's key partnerships posed to achieving the purposes of the [contract]." (*Id*. at 12.) Synergis further alleges that the concealment of these facts prevented Synergis from exercising its right to terminate the contract. *Id*.

"Courts have generally held that the gist of the action doctrine does not apply when the defendant not only breached the contract, but also made misrepresentations about the breach with the intent to deceive the plaintiff, such that the unsuspecting plaintiff continued the contractual relationship or failed to assert its contractual rights against the defendant." *Synthes, Inc. v. Emerge Med., Inc.*, 25 F. Supp. 3d 617, 725 (E.D. Pa. 2014) (citing *Greater Phila. Health Servs.*

*II Corp. v. Complete Care Servs.*, L.P., No. Civ.A.2387, 2000 WL 33711052, at *2 (Pa.Com.Pl. Nov. 20, 2000)); *see also Fox's Foods, Inc. v. Kmart Corp.*, 870 F.Supp. 599, 609 (M.D.Pa.1994) (denying summary judgment on fraud claim, among other reasons, because the complaint alleged that the defendant intentionally made false assurances about its performance under a contract in order to keep the plaintiff from asserting its contractual rights against the defendant)).  Synergis thus alleges a breach of duty "external to the contractual obligations of the parties," and sufficient for purposes of granting leave to amend.

Gratz also argues that Synergis's fraudulent misrepresentation claim is futile because it is barred by the economic loss doctrine.  "The gist of the action doctrine and the economic loss doctrine are closely related and at times are used interchangeably." *Howe v. LC Philly, LLC*, No. CIV.A. 10-5495, 2011 WL 1465446, at *3 (E.D. Pa. Apr. 15, 2011); *see also Air Products*, *supra*, at 340 (finding that the economic loss doctrine serves the same underlying purpose as the gist of the action doctrine); *Pediatrix Screening, Inc. v. Telechem International, Inc.*, 602 F.3d 541, 544 at n. 3 (3d Cir.2010) (noting that the parties used gist of the action and economic loss doctrines interchangeably).

The Third Circuit has noted "a trend in the case law of the federal courts recogniz[ing] a limited exception to the economic loss doctrine for fraud claims, but only where the claims at issue arise independent[ly] of the underlying contract." *Air Products*, *supra*, at 337 (citing *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 676 (3d Cir. 2002)).  As Synergis's fraudulent misrepresentation claim sufficiently alleges a breach of duty independent of the contract, the claim is not barred by the economic loss doctrine.

Gratz argues that the cases Synergis relies on are distinguishable. Gratz contends that in those cases, the fraudulent misrepresentations were affirmative representations as opposed to

omissions of the type Synergis alleges in its purported amended counterclaim.  Gratz's argument is unpersuasive.  Gratz "ignores the fact that '[t]he suppression of a material fact which a party is bound…to disclose is equivalent to a false misrepresentation.'"  *Fox's Foods*, 870 F. Supp. at 609 (citing 37 C.J.S. Fraud § 16(a)).  "It also 'is a well-established rule that deliberate nondisclosure of a material fact amounts to culpable misrepresentation no less than an intentional false affirmation.'"  *Id*. (citing *Marian Bank v. Intern. Harvester Credit Corp.*, 550 F.Supp. 456, 461 (E.D.Pa.1982), *aff'd*, 725 F.2d 669 (3rd Cir.1983)).

BY THE COURT:

*/s/ Gerald J. Pappert*

GERALD J. PAPPERT, J.