IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GRATZ COLLEGE,** *Plaintiff*, v. **SYNERGIS EDUCATION INC.,** *Defendant*. | CIVIL ACTION NO. 14–06966 |

### MEMORANDUM

**PAPPERT, J.**                                                                 December 29, 2015

      Plaintiff Gratz College ("Gratz") sued Defendant Synergis Education, Inc. ("Synergis") in the Montgomery County Court of Common Pleas on November 18, 2014, asserting claims for breach of contract and tortious interference with contract and also seeking preliminary and permanent injunctions. (ECF No. 1.) Synergis removed the case to this Court on December 8, 2014. (*Id.*) Two days later, Gratz filed an amended complaint omitting the claim for injunctive relief. (ECF No. 5.) The parties' dispute concerns an Academic Program Services Agreement ("APSA") pursuant to which Synergis was to help Gratz expand and develop its adult learning programs in exchange for a share in the revenues generated from those programs. On January 9, 2015, Synergis filed its answer along with counterclaims for breaches of contract and the covenant of good faith and fair dealing. (ECF No. 11.)

      On March 17, 2015 the Court issued a Scheduling Order (ECF No. 27) pursuant to which fact discovery was to conclude by July 17, 2015 with expert discovery ending by October 1. After a telephone conference with all counsel on October 1, the Court entered an Amended Scheduling Order ("the Amended Order," ECF No. 67). Under the Amended Order, *inter alia*,

1

summary judgment motions were due on December 1, 2015, the final pretrial conference was set for January 15, 2016 and the case was listed for trial on January 25, 2016.  (*Id.*)

Gratz filed a Motion for Leave to file a Second Amended Complaint (ECF No. 77) on November 18, 2015.  Gratz purports to amend its complaint again to add claims for fraudulent and negligent misrepresentation based on "facts revealed during the discovery process."  (Pl.'s Mot. Amend at 10, ECF No. 77.)  Synergis filed its response on December 7, 2015 (ECF No. 91), and Gratz filed its reply on December 14, 2015.  (ECF No. 93.)  For the reasons below, Gratz's motion is denied. [1]

I.

Under Federal Rule of Civil Procedure 15(a), "courts may grant . . . amendments 'when justice so requires.'"  *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003), *as amended* (Jan. 20, 2004) (citing Fed. R. Civ. P. 15(a)).  While Rule 15 states that "leave to amend should be 'freely given,' a district court has discretion to deny a request to amend if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party."  *Id.*; *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citing *Foman v. Davis*, 371 U.S. 178 (1962)).  "When a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied."  *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006).  The Third Circuit Court of Appeals has

---

[1] Synergis filed a Motion for Leave to Amend its Counterclaim on August 12, 2015, seeking to add a claim for fraudulent misrepresentation.  (ECF No. 45.)  Synergis's proposed claim was premised on information it learned shortly after fact discovery closed on July 17, 2015.  (Def.'s Mot. Amend at 8, ECF No. 45; *see also* ECF No. 27.)  Specifically, on July 20, 2015, Synergis received information in response to a subpoena which allegedly supported Synergis's proposed counterclaim.  (Def.'s Mot. Amend at 8.)  Two weeks later, Synergis deposed a corporate representative of the Middle States Commission on Higher Education ("MSCHE") whose testimony solidified Synergis's decision to seek amendment.  (*Id.*)  Synergis accordingly sought leave to amend just eight days later on August 12, 2015.  (ECF No. 45.)  The Court granted Synergis's motion.  (ECF No. 69.)  The promptness with which Synergis sought amendment after discovering the basis for its new claims stands in stark contrast to the length of time it took Gratz to seek leave to file its Second Amended Complaint.

left the decision of whether to grant or deny a motion for leave to amend within the sound discretion of the district court. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001) (citations omitted).

Generally, "[d]elay alone is not sufficient to justify denial of leave to amend." *Id*. (referencing *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)). However, "at some point, the delay will become 'undue', placing an unwarranted burden on the court, or will become 'prejudicial', placing an unfair burden on the opposing party." *Adams*, 739 F.2d at 868; *see also Cureton*, 252 F.3d at 273. Thus, "the question of undue delay requires that we focus on the movant's reasons for not amending sooner." *Cureton*, 252 F.3d at 273 (referencing *Adams*, 739 F.2d at 868); *see also Tarkett Inc. v. Congoleum Corp.*, 144 F.R.D. 289, 291 (E.D. Pa. 1992) (citing *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990) (affirming denial of motion for leave to amend if delay was not supported by adequate justification)). This Court has found undue delay where a party knew of available claims three months before filing its motion for leave to amend and gave no sufficient justification for its delay. *See Zeigenfuse v. Kemp & Associates, Inc.*, No. 14–05954, 2015 WL 7568259, at *3 (E.D. Pa. Nov. 25, 2015). The time between when a party discovers information giving rise to a proposed amendment and the filing of their motion is an "important factor" when determining whether there is undue delay. *See Tarkett Inc.*, 144 F.R.D. at 291 (citing *Berger v. Edgewater Steel Co.*, 911 F.2d 911, 924 (3d Cir. 1990) *cert. denied*, 499 U.S. 920 (1991) (stating that plaintiff's delay of four and one half months after receiving certain information was an important factor in finding that the delay was undue)).

## II.

In its motion, Gratz does not state when it discovered the "information giving rise to [its] proposed amendment." Gratz instead makes opaque references to "learning through discovery"

and citing "the facts as revealed during the discovery process." (Pl.'s Mot. Amend at 3, 10, ECF No. 77.) Gratz never states specifically *when* it learned of those facts. (*See generally* Pl.'s Mot. Amend.) Synergis, however, points out in its response to Gratz's motion that the plaintiff's proposed amendments are based on information Synergis produced to Gratz between April and June of this year and, more specifically, that one of the email exchanges Gratz relies on for its proposed new claims was produced to Gratz on April 20. (Def.'s Resp. at 9 n.1, ECF No. 91.) Significantly, in its reply brief, Gratz does not contest Synergis's assertions. (*See generally* Pl.'s Reply, ECF No. 93.)

      Gratz was aware of the information upon which its proposed amendment is based as early as seven months (five months at the latest) before seeking leave to amend. Gratz provides no explanation for failing to amend sooner and gives no justification for its delay in seeking the Court's leave to do so. Ironically, instead of opposing Synergis's motion for leave to amend its counterclaims in August, Gratz could have also sought leave to amend at that time—and for the same reasons proffered by Synergis. Gratz instead waited nearly four months after the close of fact discovery (a month and a half after the close of expert discovery) to file its motion. Gratz filed its reply brief in support of its motion (ECF No. 93) on December 14, 2015— one month before the case's final pretrial conference and a month and a half before trial. By that time the parties had already submitted competing motions for summary judgment and four motions to preclude or limit expert testimony. (*See generally* ECF Nos. 78–92.) Four motions seeking to exclude other documents and testimony were filed last week, on December 22. (*See generally* ECF Nos. 114, 121–23.) The parties—and the Court—are actively preparing for trial. Gratz contends that the Court should grant it leave to amend because "the amendment will not delay court proceedings." (Pl.'s Mot. Amend at 11.) That is incorrect. Among other things, allowing

4

amendment would force the Court to postpone the January 15, 2016 final pretrial conference and the January 25, 2016 trial date—dates the Court fully intends to honor. Amendment again at this late stage would, at minimum, necessitate the re-filing of and additional briefing on, the pending summary judgment motions. Synergis contends that it will require additional discovery to defend against the new claims. All of this would place an "unwarranted burden on the Court" and would "delay resolution of this dispute and undermine the 'inherent power' of the Court to manage its docket and decide cases." *Adams*, 759 F.2d at 868; *Zeigenfuse*, 2015 WL 7568259, at *4.

      Gratz elected to wait, without explanation or justification, at least five to seven months to seek leave to amend its Amended Complaint. This constitutes undue delay and allows the Court, in its discretion and so it can manage this case fairly for all parties, to deny Gratz's motion.

BY THE COURT:

/s/ Gerald J. Pappert
GERALD J. PAPPERT, J.

5