IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GRATZ COLLEGE,** | |
| *Plaintiff,* | CIVIL ACTION |
| v. | NO. 14–06966 |
| **SYNERGIS EDUCATION INC.,** | |
| *Defendant.* | |

MEMORANDUM

**PAPPERT, J.**                                                                                                    December 30, 2015

      On March 4, 2015, the parties filed with the Court a Stipulated Protective Order ("the Protective Order," ECF No. 18) which the Court approved the next day (ECF No. 19). The Protective Order seeks to prevent "potential third parties" from obtaining access to discovery materials containing "trade secrets or other proprietary business information." (ECF No. 18 at 1.) The document's stated purposes are, *inter alia*, to expedite the flow of discovery material, facilitate prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential and govern the pretrial disclosure and use by the parties of documents and other information produced during the course of discovery. (*Id.* at 2.) The Protective Order expressly applies to pre-trial proceedings and has no application at trial; nothing in the Protective Order limits use of protected materials in court proceedings. (*Id.* ¶¶ 10, 16.)

      "Protected Material" is defined as "any Disclosure or Discovery Material that is designated as 'Confidential' or 'Highly Confidential.'" (*Id.* ¶ 1.8.) "Confidential" disclosures or discovery material "contain or are derived from trade secrets or other confidential research, development, commercial or other non-public information of current commercial value." (*Id.* ¶

1

1.3.) "Highly Confidential" materials are those of a "highly sensitive commercial nature, such as . . . confidential trade secrets, research, development, pricing, production, cost, marketing or customer information, disclosure of which could create an elevated risk of commercial or competitive harm." (*Id.* ¶ 1.4.) Most importantly for present purposes, "[a]ny document that is filed with the Court that reveals or discloses any Protected Material, unless the Parties otherwise agree in writing *or the Court otherwise orders*, shall be submitted under seal." (*Id.* ¶ 4.4.) (emphasis added)

Before the Court are fifteen separate motions to seal various court filings: ECF Nos. 76, 80, 83, 84, 95, 97, 99, 101, 112, 113, 116, 117, 118, 135, and 137. Aside from No. 76, which seeks to file under seal Gratz's Motion for Leave to file a Second Amended Complaint,[1] these motions seek to file under seal documents and information pertaining to the parties' respective motions for summary judgment, motions to preclude expert testimony and motions to exclude from evidence at trial various documents and testimony.[2] The Court denies all of the motions. As explained below, the parties have not provided the Court with any basis or justification for placing all of the filings under seal in light of the public's right to access judicial records and documents.

I.

The Third Circuit Court of Appeals, on numerous occasions, has affirmed the public's right to "inspect and copy public records and documents, including judicial records and documents." *United States v. Criden*, 648 F.2d 814, 819 (3d Cir. 1981) (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 (1978)); *see also Leucadia, Inc. v. Applied Extrusion*

---

[1] This motion was denied by the Court on December 29, 2015. (ECF Nos. 131, 132.)
[2] While these motions to seal have been pending, the parties have filed on the public docket redacted copies of the motions and documents in question, while providing the Court unredacted copies of all motion papers and exhibits under seal.

2

*Technologies, Inc.*, 998 F.2d 157, 161 (3d Cir. 1993).  The existence of this right is "beyond dispute."  *Littlejohn v. Bic Corp.*, 851 F.2d 673, 677–78 (3d Cir. 1988) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1066–67 (3d Cir. 1984)).  This serves many beneficial functions:

> The public's exercise of its common law access right in civil cases promotes public confidence in the judicial system . . . . As with other branches of government, the bright light cast upon the judicial process by public observation diminishes the possibilities for injustice, incompetence, perjury, and fraud. Furthermore, the very openness of the process should provide the public with a more complete understanding of the judicial system and a better perception of its fairness.

*Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 660 (3d Cir. 1991) (quoting *Littlejohn*, 851 F.2d at 678).  Additionally, "[a]ccess to civil proceedings and records promotes 'public respect for the judicial process' and helps to assure that judges perform their duties in an honest and informed manner."  *Id.* (quoting *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606 (1982)) (citation omitted).  The presumptive right to public access applies to "all material filed in connection with nondiscovery pretrial motions, whether these motions are case dispositive or not."  *Leucadia*, 998 F.2d. at 165.

If a party wishes to rebut this presumption of public access, that party has the burden "to show that the interest in secrecy outweighs the presumption."  *Bank of Am. Nat. Trust & Sav. Ass'n v. Hotel Rittenhouse Associates*, 800 F.2d 339, 343 (3d Cir. 1986).  To that end, documents containing trade secrets or other confidential business information *may* be protected from disclosure.  *See Westinghouse*, 949 F.2d at 663 ("The potential effects of the disclosure of business information that might harm the litigant's competitive standing may in some cases meet the burden of [justifying keeping] the judicial record under seal.") (internal quotation marks omitted).

**II.**

The Court is presented with fifteen motions to seal all or part of nineteen documents. The motions, generally summarized, seek "leave to file under seal certain documents containing confidential material." (*See, e.g.*, ECF No. 97.) The parties summarily state that the requests are "narrowly tailored to seal only those documents and portions of the motions containing sealable material." (*See, e.g.*, ECF No. 101.) Other than their own representations that the documents should be sealed, the parties do not provide any justification as to why the Court should grant the motions. (*See generally* ECF Nos. 76, 80, 83, 84, 95, 97, 99, 101, 112, 113, 116, 117, 118, 135, 137.) Without more, the Court lacks the legal basis to seal the documents given the longstanding presumption toward openness. *See Hotel Rittenhouse Associates*, 800 F.2d at 343.

The parties' ability to label information "confidential" in the discovery process was never intended to transform litigation in a public forum into a proceeding where all trial related motions, some of them potentially dispositive, are shrouded in secrecy with intensive redactions and purported seal orders. The parties seek to rely on the Protective Order to grant them unilateral control over what is to be kept from public view. The motions to seal merely state that the "documents . . . as well as the references to those documents . . . contain sealable material." (ECF No. 97 at 1.) However, they offer nothing more to satisfy the movant's burden to overcome the strong presumption of openness. The parties ask the Court to simply rubber stamp their own determinations that, for whatever reasons they have, the subject documents and information cannot be viewed by the public. The Court, obviously, cannot endorse such a process. *See, e.g.*, *Emmanouil v. Roggio*, No. CIV A 06-1068, 2007 WL 1174876, at *3 (D.N.J. Apr. 19, 2007) ("The Court must determine whether the sensitivity of the information meets the

4

high burden of sealing under the conditions of this case as they currently exist, rather than blindly relying on a prior sealing order.").

The bar for sealing a document is high. *See, e.g.*, *Leucadia*, 998 F.2d at 167 ("[C]areful factfinding and balancing of competing interests is required before the strong presumption of openness can be overcome by the secrecy interests of private litigants."); *Publicker Indus., Inc.*, 733 F.2d at 1073 (discussing the presumption of openness). The moving party "bears the burden of showing that the material is the kind of information that courts will protect" and that "disclosure will work a *clearly defined* and *serious injury* to the party seeking" to seal the materials. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (emphasis added) (internal quotation marks omitted)). Courts have denied motions to seal based solely on embarrassing information or general financial records. *See, e.g.*, *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994) ("While preventing embarrassment may be a factor satisfying the 'good cause' standard, an applicant for a protective order whose chief concern is embarrassment must demonstrate that the embarrassment will be particularly serious."); *Rose v. Rothrock*, No. CIV.A. 08-3884, 2009 WL 1175614, at *8 (E.D. Pa. Apr. 29, 2009) ("If mere embarrassment were enough, countless pleadings as well as other judicial records would be kept from public view."); *Zavala v. Wal-Mart Corp.*, No. CIV.A. 03-5309, 2007 WL 2688934, at *7–8 (D.N.J. Sept. 12, 2007) (denying motion to seal corporate documents, including contracts with outside vendors, that did not contain "confidential commercially sensitive information").

Neither party has demonstrated how the interests in nondisclosure rebut the strong presumption of openness—in fact, neither party discusses the interests of nondisclosure at all. (*See generally* ECF Nos. 76, 80, 83, 84, 95, 97, 99, 101, 112, 113, 116, 117, 118, 135, 137.)

5

Rather, the motions to seal are boilerplate requests listing the exhibits the parties seek to shield from public disclosure. (*Id.*)  The Court, not the litigants themselves, must decide what judicial documents and records should be shielded from public view.  The Court can only make this important decision after evaluating the materials and considering whether or not the party seeking to shield the information has met its burden and overcome the presumption against sealing court records and documents.  The moving party's burden—and the Court's role—are not reduced or diminished in any way simply because there is a Protective Order in place governing discovery.

On or before January 11, the parties must file on the Court's public docket unredacted versions of all filings the parties sought to place under seal.  If there are any documents the parties still believe should be filed under seal consistent with the legal standards articulated in this Memorandum, each party may file a consolidated motion which articulates, as to each document, why the interest in secrecy outweighs the presumption of public access.  Such motions, if any, must be filed on or before January 6.  An appropriate order follows.

BY THE COURT:

/s/ Gerald J. Pappert
GERALD J. PAPPERT, J.